■ EDWARD BASS et al., Respondents, v PETER G. KANSAS et al., Defendants, and CHILD'S HOSPITAL OF ALBANY, NEW YORK, INC., Appellant. [603 NYS2d 361] —Crew III, J. Appeal from an order of the Supreme Court (Keegan, J.), entered August 12, 1992 in Albany County, which denied a motion by defendant Child's Hospital of Albany, New York, Inc. for an order of preclusion.

---

Of the various arguments raised on appeal, only plaintiffs' failure to comply with CPLR 3043 (a) (9) merits discussion. In response to the demand for particulars filed by defendant Child's Hospital of Albany, New York, Inc. (hereinafter defendant) which, *inter alia,* requested a detailed specification of the expenses incurred by plaintiff Edward Bass, plaintiffs provided defendant with a list of medical providers and made additional reference to approximately 500 pages of medical bills previously furnished to defendant. Pursuant to CPLR 3043 (a) (9), defendant was entitled to the total amounts claimed by plaintiffs as special damages for the physicians' services, medical supplies, hospital expenses and nursing services provided to Bass. Simply providing defendant with the documentation necessary to calculate these damages was insufficient; plaintiffs, not defendant, bear the burden of calculating the special damages claimed by them. Accordingly, Supreme Court's order is modified to the extent that plaintiffs are directed to provide a further bill of particulars with respect to their claim of special damages in accordance with this Court's decision.

Mikoll, J. P., Yesawich Jr. and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion to strike item 21 of plaintiffs' bill of particulars; motion granted to that extent unless plaintiffs serve a responsive bill of particulars within 30 days of the date of this Court's decision; and, as so modified, affirmed.